IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BABA CONTE,** | : | **CIVIL NO. 1:CV-08-0326** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **JANINE DONATE, WARDEN,** et al., | : | |
| Respondents. | : | |

## **MEMORANDUM**

Baba Conte ("Conte"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), incarcerated at the Lackawanna County Prison in Scranton, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 21, 2008, seeking release from continued indefinite detention pending removal from the United States.  (Doc. 1.)  For the reasons set forth below, Conte's petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

**I.**   **Factual Background**

Conte, a native and citizen of Guinea, is subject to a final order of removal from the United States entered in July 2007, which he does not contest.  (Doc. 1 at 3.)  ICE took custody of him on September 29, 2005.  (Id. at 2.)

Conte indicates that, to date, ICE has been unable to remove him to Guinea. (Doc. 7 at 5-6.)  He represents that he would not pose a threat to society and is not a flight risk.  (Id. at 6.)  He argues that he has been in custody for more than six months and is seeking release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

**II.     Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention." Zadvydas, 533 U.S. at 689.  "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699.  To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.  If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id.  Not every alien must be released after six months.  An alien may still be detained beyond six months "until is has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Following Zadvydas, regulations were promulgated to meet the criteria established by the United States Supreme Court.  See 8 C.F.R. § 241.4.  Prior to the expiration of the mandatory ninety day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i).  When release

is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii).  Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonable foreseeable future.  8 C.F.R. § 241.13(d)(1).

In the instant case, the mandatory detention period has expired, and jurisdiction to make a determination concerning Conte's custody now lies with the HQPDU.  It does not appear that he filed a written request for release with the HQPDU.[1]  Consequently, ICE will be ordered to treat the petition as a request for release under 8 C.F.R. § 241.13.  ICE shall respond to the request within thirty days.

Having referred the issue of release to the government for disposition under existing review procedures, Conte's petition will be denied.

---

[1] In the response to the instant petition, dated March 25, 2008, respondents indicate that Conte has not yet submitted a written request for release to HQPDU asserting the basis for his belief that there is no significant likelihood that he will be removed to Guinea in the reasonably foreseeable future, and thus Conte has failed to exhaust his administrative remedies prior to filing in this court. (Doc. 6 at 6-7.) However, in his traverse, Conte indicates that the "Director of HQCMU, Marlen Pineiro," denied his request for supervised release pursuant to 8 C.F.R. § 241.5 on March 6, 2008. (Doc. 7 at 2.)  This decision is not attached to Conte's traverse.

In light respondents' assertions, which post-date this apparent decision, it is unclear if the March 6, 2008, decision to which Conte refers is a HQPDU decision pursuant to 8 C.F.R. § 241.13.  In the event that Conte did file a written request to HQPDU requesting release pursuant to 8 C.F.R. § 241.13, he will be permitted to request reconsideration of the instant petition within ten (10) days of the date of this memorandum and order.

An appropriate order will issue.

 S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:       July 21, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BABA CONTE,** | : | **CIVIL NO. 1:CV-08-0326** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **JANINE DONATE, WARDEN,** et al., | : | |
| | : | |
| | : | |
| **Respondents.** | : | |

## **ORDER**

AND NOW, this 21st day of July, 2008, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13.  ICE shall provide petitioner with a response to his request within thirty (30) days.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED.

3. The Clerk of Court is directed to CLOSE this case.


        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge